UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES R. RANKIN, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:17-cv-485 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| LEE G. LULL, | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER GRANTING MOTION TO DISMISS
### and
## ORDER DISMISSING MOTION TO EXPEDITE

Plaintiff James Rankin filed this lawsuit in which he complains about the denial of certain benefits for veterans. Rankin has been granted *in forma pauperis* status and is proceeding without counsel. Defendant Lee Lull filed a motion to dismiss. (ECF No. 9.) Rankin filed a motion to expedite the resolution of his complaint. (ECF No. 15.) This Court lacks jurisdiction to resolve Rankin's claims arising from a denial of benefits for veterans. And, Rankin has not stated a claim for which this Court may grant relief related the property tax exemption for veterans. Therefore, Lull's motion to dismiss will be granted and Rankin's motion to expedite will be dismissed a moot.

I.

A.

When challenged by a motion filed under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction. *EEOC v. Hosanna-Tabor Evangelical Lutheran Church and Sch.*, 597 F.3d 769, 776 (6th Cir. 2010) (citing *Hollins v. Methodist Healthcare,*

*Inc.*, 474 F.3d 223, 225 (6th Cir. 2007)). A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction may take the form of a facial challenge, which tests the sufficiency of the pleading, or a factual challenge, which contests the factual predicate for jurisdiction. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Mortensen v. First Fed. Savings and Loan Ass'n*, 549 F.2d 884, 890-91 (3d Cir. 1977)); *see also DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). In a facial attack, the court accepts as true all the allegations in the complaint, similar to the standard for a Rule 12(b)(6) motion. *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325. In a factual attack, the allegations in the complaint are not afforded a presumption of truthfulness and the district court weighs competing evidence to determine whether subject matter jurisdiction exists. *Id.* In this case, Defendant has made a facial challenge to the complaint. The court accepts as true the allegations in the complaint in order to determine whether subject matter jurisdiction exists.

B.

Under the notice pleading requirements, a complaint must contain a short and plain statement of the claim showing how the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *see Thompson v. Bank of America, N.A.*, 773 F.3d 741, 750 (6th Cir. 2014) (holding that to survive a Rule 12(b)(6) motion, the complaint "must comply with the pleading requirements of Rule 8(a)."). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A defendant bringing a motion to dismiss for failure to state a claim under Rule 12(b)(6) tests whether a

cognizable claim has been pled in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Although the court considers the well-pled factual allegations in the complaint, a motion to dismiss turns exclusively on questions of law. *See Thomas v. Arn*, 474 U.S. 140, 150 n.8 (1985); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 674-75 (2009) ("Evaluating the sufficiency of the complaint is not a 'fact-based' question of law, . . . .").

To survive a motion to dismiss, "[t]he complaint must 'contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.'" *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) (citation omitted). The plaintiff must provide sufficient factual allegations that, if accepted as true, are sufficient to raise a right to relief above the speculative level. *Bell Atl.,* 550 U.S. at 555. And the claim for relief must be plausible on its face. *Id.* at 570. "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citations omitted). When considering a motion to dismiss, a court must accept as true all factual allegations, but need not accept any legal conclusions. *Ctr. for Bio-Ethical Reform,* 648 F.3d at 369. Naked assertions without further factual enhancement, formulaic recitations of the elements of a cause of action, and mere labels and conclusions will be insufficient for a

pleading to state a plausible claim. *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) (citations omitted).

## II.

As stated previously, Rankin is proceeding without counsel. He filed his complaint using a blank form and has attached a statement in which he summarizes his interactions with Lull and sets forth the basic facts giving rise to his claims. This Court must liberally construe the pleadings and other filings of pro se parties. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *see Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972))). For the purpose of Lull's motion, the Court must assume the well-pleaded facts in the complaint are true.

Rankin is a disabled veteran. Rankin alleges that "some years ago" he sought assistance from the Berrien County Veterans Services Office (Office). Defendant Lee Lull is the director of the Berrien County Veterans Services. Rankin asserts that he has been battling the Veteran's Administration over the "seizure" of his pension. Rankin does not provide any background for this claim or otherwise explain what occurred. Rankin states that the dispute over his pension "went the distance" and is now before Veterans Board of Appeals.

Rankin sought assistance from the Office for a claim for benefits under 38 U.S.C. § 1151.[1] He claims that he was injured by the Veteran's Administration (VA), although he

---

[1] Section 1151 provides benefits for veterans when the disability results from medical treatment provided by the Veteran's Administration. *See Trafter v. Shinseki*, 26 Vet. App. 267, 273

4

does not discuss the nature of his injury or how it occurred. Rankin insists that the Office told him that § 1151 did not apply. Rankin alleges he has since receive the relevant forms and information to complete the forms. Rankin insists the initial denial of the forms, and the denial of assistance to complete the forms gives rise to a claim for denial of his right to petition the government.

Finally, Rankin sought a veteran's exemption for property taxes using form 21-8940. Rankin alleges that Lull stated that the exemption did not apply. According to Rankin, Lull would not provide the form or provide any assistance with the exemption form. Eventually, Rankin was able to find the exemption form and submitted it. The VA took "an exceptionally long time" to process and then deny his claim.

### III.

### A.

Lull contends that any claim arising from decisions denying veteran's benefits must be dismissed because this Court lacks jurisdiction over the claim. Lull is correct.

In 1988, Congress enacted the Veterans Judicial Review Act, Pub. L. No. 100-687, and "established a multi-tiered framework for the adjudication of claims regarding veterans benefits." *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997). The "text of the statute and this extensive legislative history express Congressional intent to construct an exclusive source or review for veterans benefits claims." *Id.* at 971; *see Newsom v., Dep't of Veterans*

---

(Ct. Vet. App. 2013). The claimant must show carelessness, negligence, lack of skill, error in judgment, or similar fault on the part of the Department in providing hospital care, medical or surgical treatment, or examination. *See* 38 U.S.C. § 1151(a)(1)(A)).

*Affairs*, 8 F. App'x 470, 471 (6th Cir. 2001) ("Congress has vested exclusive jurisdiction over claims regarding veterans benefits with the Court of Veterans Appeals ("CVA"), and the CVA's decisions are reviewed exclusively by the Court of Appeals for the Federal Circuit.").

Because Congress requires disputes over benefits for veterans be resolved in a different forum, this Court does not have the authority to address any claim Rankin might bring related to the seizure of his benefits. This conclusion applies to claims arising from the merits of the benefit's decision, the constitutional implications of the decision, and any claim arising from a delay in processing the claim. *See Beamon*, 125 F.3d at 974. The conclusion, that this Court lacks jurisdiction, also extends to the Rankin's claims for benefits under § 1151. *See, e.g., Plott v. United States*, 182 F.3d 913 (5th Cir. 1999) (unpublished table opinion) (per curiam); *McCulley v. United States Dep't of Veterans Affairs*, 851 F. Supp. 1271, 1282 (E.D. Wis. 1994).

B.

Lull argues that the complaint fails to state a claim and that the claims should be dismissed under Rule 12(b)(6). For Rankin's claim arising from the allegations regarding a property tax exemption, Lull is correct.

In 2013, the Michigan Legislature amended Michigan Compiled Laws § 211.7b, as it relates to property tax exemptions for disabled veterans. *See* 2013 Mich. Pub. Acts No. 161. Generally, the statute identifies a set of conditions under which a disabled veteran is eligible for a property tax exemption. Under § 211b(3), the veteran must meet one of three criteria. The veteran (1) must have been determined by the United States Department of Veteran's Affairs to be "permanently and totally disabled as a result of military service and entitled to

veteran's benefits at the 100% rate;" (2) must have a certificate from the United States Veteran's Administration, or its successors, certifying that the veteran is receiving pecuniary assistance due to disability for specially adapted housing, or (3) has been rated the by the United States Department of Veteran's Affairs as individually unemployable. Mich. Comp. Laws § 211.7b(3)(a)–(c). The State of Michigan has developed a form, an affidavit, which must be completed as part of the application for the exemption.[2] The affidavit directs the applicant to attach a copy of a letter or certification from the Department of Veteran's Affairs to establish one of the three criteria for eligibility. The form must be filed with the local county "supervisor or other assessing officer" before the "final adjournment of the local board of review." Mich. Comp. Laws § 211.7b(2).

The Department of Veterans Affairs distributes Form 21-8940, titled "Veteran's Application for Increased Compensation Based on Unemployability." The note at the top of the form explains its purpose: "This is a claim for compensation benefits based on unemployability. When you complete this form you are claiming total disability because of a service-connected disability(ies) which has/have prevented you from securing or following any substantial gainful employment."[3] Compensation for a service-connected disability is based on ten grades of disability, which are established by a schedule of ratings. *Swan v.*

---

[2] The form is distributed by the Michigan Department of Treasury, Form 5107. *See* https://www.michigan.gov/documents/treasury/5107STCAffidavit_4417497.pdf.

[3] The form is available on the U.S. Department of Veteran's Affairs website under the "Benefits" heading, which links to the Veteran's Benefits Administration. *See* https://www.vba.va.gov/pubs/forms/VBA-21-8940-ARE.pdf.

7

*Derwinski*, 1 Vet. App. 20, 22 (Ct. Vet. App. 1990). A veteran assigned a 100 percent disability rating is deemed totally disabled. *Id.*

In his complaint, Rankin appears to confuse the source and interaction of these forms, both of which are needed for his property tax exemption.[4] Form 21-8940 is provided the Department of Veteran's Affairs and is reviewed and approved or denied by that federal agency. The property tax exemption is a state form, which must be submitted to the county tax authority. A veteran like Rankin would likely be able to support a request for a Michigan property tax exemption if he were successful is receiving a total disability rating from the VA after submitting Form 21-8940. The VA does not approve property tax exemptions, and the county tax authority does not approve veteran disability claims.

Based on the pleadings, Lull was not involved in any decision relating to Rankin's disability benefits or any decision relating to Rankin's property tax exemption. Neither decision falls under Lull's authority. Therefore, Rankin's claim against Lull must arise from some other act. Reading Rankin's complaint liberally, he suggests that Lull did not provide sufficient assistance for the various veteran's benefits Rankin sought.

In 2000, Congress enacted the Veterans Claim Assistance Act (VCAA). The VCAA "instituted a comprehensive overhaul of the statutory scheme governing the award of veteran's benefits." *Bernklau v. Principi*, 291 F.3d 795, 803 (Fed. Cir. 2002). The VCAA impose several obligations on the agency when adjudicating veterans' claims, which are codified at 38 U.S.C. §§ 5102, 5103, and 5103A. *See Livesay v. Principi*, 15 Vet. App. 165,

---

[4] To be fair, Rankin may understand each form and how the two forms interact. The complaint is not a model of clarity.

179 (Ct. Vet. App. 2001). Under § 5103, the Secretary has a duty to inform the claimant of information that is necessary to substantiate the claim for benefits. 38 U.S.C. § 5103(a)(1). Under § 5103A, the Secretary must make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claim for benefits. 38 U.S.C. § 5103A(a)(1). Section 5102 requires the Secretary, upon request by a veteran seeking benefits, to furnish to that person all instructions and forms necessary to apply for the benefit. 38 U.S.C. § 5102(a).

This Court does not have jurisdiction over a claim for the breach of a duty to assist arising from any of these statutes. A claim for breach of duty under these statutes would be similar to a claim for denial of veteran's benefits. And, as explained above, this Court does not have the authority to resolve benefits claims. Congress has provided for an exclusive forum for those claims.

Rankin has failed to state a claim arising from Lull's failure to assist him with his property tax exemption. Rankin has not established that any duty to assist veterans created by the federal statutes and regulation extends to benefits provided to veterans by the states. In addition, Rankin would likely have to establish that he would have received the property tax exemption but for Lull's failure to assist. Rankin has not pled facts sufficient to establish such a claim.

IV.

Plaintiff James Rankin's general complaint about Defendant Lee Lull either raises claims that this Court does not have the authority to resolve or fails to state a claim for which this Court may grant relief. For those claims that arise from the denial of benefits or relate the denial of benefits, the Court lacks the authority to resolve the issues. Congress has

provided an exclusive forum for those matters. For Rankin's claim related to the state property tax exemption for veterans, Rankin has failed to plead sufficient facts to state a claim.

And, because this Court must grant Lull's motion to dismiss, Rankin's motion to expedite must be dismissed as moot.

## GOOD FAITH FOR APPEAL

Because Rankin has been granted *in forma pauperis* status, this Court must consider whether any appeal would be taken in good faith.

Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "The statute requires that a district court must determine in writing whether a request to appeal in forma pauperis is taken in good faith." *McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997). The "good faith" requirement must be judged by an objective standard. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "Good faith" is demonstrated when the party seeks appellate review of an issue that is "not frivolous." *Id.* An appeal is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court's inquiry is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Jones v. Frank*, 622 F.Supp.1119, 1120 (W.D. Tex. 1985) (citing *Anders v. California*, 386 U.S. 738, 744 (1967)).

The Court concludes that any appeal would not be taken in good faith. Congress requires these disputes to be resolved in a different forum. Although Rankin may not like

the speed with which his claims are being resolved, or the manner in which his benefits claims are being decided, his frustration does not allow him to ignore the statutory scheme created by the legislative branch. This Court simply lacks the authority to consider Rankin's claims.

## ORDER

For the reasons provided in the accompanying Opinion, Defendant Lull's motion to dismiss (ECF No. 9.) is **GRANTED.** Plaintiff Rankin's motion to expedite (ECF No. 16) is **DISMISSED AS MOOT.**

**IT IS SO ORDERED.**

Date:  October 20, 2017                                        /s/ Paul L. Maloney
                                                                                          Paul L. Maloney
                                                                                          United States District Judge